MANUEL RAMOS ALVARADO, Petitioner, *v.* DISTRICT COURT OF PUERTO RICO, GUAYAMA SECTION, HON. ÁNGEL D. MARCHAND PAZ, JUDGE, Respondent.

No. 19. Argued April 1, 1952.—Decided April 29, 1952.

*G. Cruzado Silva* for petitioner. *Víctor Gutiérrez Franqui, Attorney General,* and *Frank Vizcarrondo Vivas, Assistant Fiscal of the Supreme Court,* for respondent.

MR. CHIEF JUSTICE TODD, JR., delivered the opinion of the Court.

Manuel Ramos Alvarado was prosecuted in a trial *de novo* in the District Court of Puerto Rico, Guayama Section, by a complaint charging him with the offense of disturbing the peace, consisting in that ". . . on June 13, 1951, at or about 3:20 a.m., in the place above mentioned, he disturbed the peace and quiet of Mr. Fernando Colón Crescioni, his wife and family, by *peeping* through one of the windows of their residence when the complainant and his wife were about to go to bed, the defendant herein thereby alarming Mr. Fernando Colón Crescioni, his wife and family with his altogether improper and disorderly conduct."

The defendant demurred to the complaint on the ground that the facts alleged do not constitute a public offense inasmuch as the action *to peep* is not defined as a public offense, and the complaint does not contain either the words "tumultuous or offensive conduct," which are the only ones within § 368 of the Penal Code on the basis of which the facts could be construed as constituting a disturbance of the peace.

The demurrer was argued and overruled, whereupon the case was tried and the lower court found the defendant guilty of the offense of disturbing the peace and sentenced him to imprisonment in jail for two months and to pay the costs. In order to review that judgment, Mr. Justice Negrón Fernández, Acting Judge in Vacation, granted certiorari under Act No. 172 of May 4, 1949.

Petitioner claims that the lower court committed an error of law in declaring that the complaint was sufficient: (1) because the action "to peep" is not enumerated in § 368 of the Penal Code,[1] and (2) because the "tumultuous or offensive

---

[1] Section 368 of the Penal Code provides as follows:

"Every person who maliciously and wilfully disturbs the peace or quiet of any neighborhood or person, by loud or unusual noise, or by tumultuous or offensive conduct, or threatening, traducing, quarrelling, challenging to fight or fighting, or who on the public streets of any city or village, or upon the public highways fires any gun or pistol, or uses

conduct" was not alleged in the complaint. In support of the latter argument he cites *People* v. *Ruiz*, 29 P.R.R. 68.

■■ We concur with the petitioner in that the act "to peep" is not specifically included among those enumerated by § 368 of the Penal Code, but it can not be gainsaid that the act of *peeping* can constitute an "offensive conduct" which disturbs the peace and quiet of one or several persons. In the case at bar the facts alleged took place during the early morning hours, when a husband and wife were about to go to bed, and we harbor no doubt that those facts are sufficient to deduce that the peace of said husband and wife was disturbed. The facts related in a complaint determine the crime charged. *The People* v. *Massó*, 18 P.R.R. 523; *People* v. *Delgado*, 35 P.R.R. 161; *People* v. *Ríos*, 43 P.R.R. 56.

■■ We have already held that even though the Spanish text of § 368 of the Penal Code speaks of "conducta tumultuosa *y* ofensiva," which would indicate that the offensive conduct must also be tumultuous, nevertheless, as the English text of § 368 refers to "tumultuous *or* offensive conduct," it must be concluded that any "offensive" conduct which disturbs the "peace or quiet" of a neighborhood or person, is contemplated by § 368 even though said offensive conduct be not tumultuous. *People* v. *Ways*, 29 P.R.R. 311; *People* v. *Rivera*, 48 P.R.R. 554, wherein we held, moreover, that the word "offensive" is "that which injures or hurts the feelings or causes displeasure, invites provocation or provokes ire." And in *People* v. *Ways, supra,* we said as follows on p. 314:

" 'Offensive. Anything that causes displeasure, gives pain or unpleasant sensations, is offensive.' 29 Cyc. 1353."

And as to "conduct" it is set forth:

any vulgar, profane or indecent language within the presence or hearing of women or children, in a loud and boisterous manner, is guilty of a misdemeanor, and shall be punished by fine not exceeding two hundred dollars, or by imprisonment in jail for not more than ninety days, or by both fine and imprisonment, at the discretion of the court."

402

"... The 'conduct of a party, in its broad sense,' as said in *Hallowell National Bank* v. *Marston et al.*, 27 Atl. 529, cited in 2 Words & Phrases Judicially Defined 1416, *'consists of acts,* words, silence, or negative omission to do anything.'" (Italics ours.)

We do not doubt, we repeat, that the defendant in the instant case disturbed the peace of the Colón family maliciously and wilfully with his offensive conduct.

*People* v. *Ruiz, supra,* in which the petitioner relies, is not in point here inasmuch as what was decided there was that, by express provision of § 368, the use of vulgar, profane or indecent language had to be "in the hearing of women or children" and, besides, "in a loud and boisterous manner."

The writ will be discharged.